EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 0:20-cv-60075-RKA

| | |
|---|---|
| MATTHEW SCHRIER,<br><br>    Plaintiff,<br><br>v.<br><br>QATAR ISLAMIC BANK,<br><br>    Defendant. | |

## NOTICE OF SUBPOENA

Pursuant to Federal Rule of Civil Procedure 45(a)(4), Plaintiff Matthew Schrier hereby gives Defendant Qatar Islamic Bank notice that he will issue a Subpoena to Produce Documents, Information, or Objects to Deutsche Bank Trust Company Americas, a copy of which is attached hereto.

Respectfully submitted this 15th day of July, 2021.

/s/ John H. Rains IV
John H. Rains IV
Florida Bar No. 56859
Rains@bmelaw.com
Kamal Ghali (admitted pro hac vice)
Georgia Bar No. 805055
ghali@bmelaw.com
Matthew R. Sellers (admitted pro hac vice)
Georgia Bar No. 691202
sellers@bmelaw.com
**BONDURANT, MIXSON & ELMORE, LLP**
3900 One Atlantic Center
1201 West Peachtree Street, N.W.
Atlanta, Georgia  30309
Telephone: (404) 881-4100
Facsimile: (404) 881-4111

#3033214v1

G. Scott Hulsey (admitted pro hac vice)
D.C. Bar No. 449040
Scott.hulsey@kobrekim.com
Carrie A. Tendler (admitted pro hac vice)
New York Bar No. 4400842
Carrie.tendler@kobrekim.com
**KOBRE & KIM**
1919 M Street, NW
Washington, DC  20036
Telephone: (202) 664-1904
Facsimile: (202) 664-1920

Kevin T. Carroll (admitted pro hac vice)
D.C. Bar No. 1020479
New York Bar No. 4075339
kcarroll@wiggin.com
**WIGGIN AND DANA LLP**
800 17th Street, N.W., Suite 520
Washington, DC 20006
Telephone: (202) 800-2475
Facsimile: (212) 551-2888

*Attorneys for Plaintiff*

#3033214v1

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served a true and correct copy of the foregoing **NOTICE OF SUBPOENA** by electronic mail to Qatar Islamic Bank's counsel of record as follows:

>T. Michale Guiffre
>mguiffre@crowell.com
>Shawn C. Layman
>slayman@crowell.com
>Crowell & Moring LLP
>1001 Pennsylvania Avenue NW
>Washington, DC 20004

This 15th day of July, 2021.

>*/s/ John H. Rains IV*
>John H. Rains IV

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| Matthew Schrier *Plaintiff* v. Qatar Islamic Bank *Defendant* | Civil Action No. 20-cv-60075 |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Deutsche Bank Trust Corporation

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A.

| Place: 800 3rd Avenue, New York, NY 10022 | Date and Time: 08/02/2021 9:30 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 07/15/2021

*CLERK OF COURT*

OR

_____        /s/ John H. Rains IV
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Matthew Schrier
, who issues or requests this subpoena, are:
John H. Rains IV (rains@bmelaw.com), Kamal Ghali (ghali@bmelaw.com), and Matthew Sellers (sellers@bmelaw.com)

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 20-cv-60075

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____                                    _____
                                                          *Server's signature*

                                                        _____
                                                          *Printed name and title*

                                                        _____
                                                          *Server's address*

Additional information regarding attempted service, etc.:

Case 1:21-mc-00682-AT   Document 1-6   Filed 08/19/21   Page 7 of 15

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 0:20-cv-60075-RKA

MATTHEW SCHRIER,

    Plaintiff,

v.

QATAR ISLAMIC BANK,

    Defendant.

## SUBPOENA EXHIBIT A

Pursuant to Federal Rule of Civil Procedure 45, Plaintiff Matthew Schrier requests that Deutsche Bank Trust Corporation produce the following categories of documents in response to the lawfully issued subpoena to which these requests are attached.

## DEFINITIONS

1. "You" and/or "Your" means Deutsche Bank Trust Corporation, and its officers, directors, employees, agents, representatives, affiliates, subsidiaries, or any other person or entity operating on your behalf.

2. "Person(s)" means any natural person or any business, legal, or government entity or association.

3. "QIB" means Qatar Islamic Bank and its officers, directors, employees, agents, representatives, or any other person or entity acting on its behalf.

4. "Correspondent account" has the meaning given in 31 C.F.R. § 561.306.

5. "Due diligence policy" means policy, procedure, or protocol adopted by You to investigate, audit, review, or monitor customers and accounts for any potential risk.

6. "Anti-terrorism financing policy" means any policy, procedure, or protocol adopted by You and designed to prevent Your services being used to support terrorism.

7. "Anti-money laundering policy" means any policy, procedure, or protocol adopted by You and designed to prevent Your services being used to commit any of the acts described in 18 U.S.C. § 1956.

8. "Saad bin Saad al-Kabi" refers to the Qatari national who spearheaded the Madid Ahl al-Sham campaign and was designated by the U.S. Department of the Treasury as a Specially Designated Global Terrorist in 2015.  The name also includes all al-Kabi's aliases listed on the Treasury designation, which may be accessed at:

https://www.treasury.gov/resource-center/sanctions/OFAC-Enforcement/Pages/20150805.aspx

9. "Qatar Charity" refers to the Doha-based non-governmental organization founded in 1992 under Qatari law as the Qatar Charitable Society.

10. "Nusra Front" means the al-Qaeda-affiliated Syrian militant Islamist group designated by the U.S. Department of State as a Foreign Terrorist Organization pursuant to 8 U.S.C. § 1189 and currently operating under the name Hay'at Tharir al-Sham.  Nusra Front also refers to any of the same group's other aliases, e.g., Jabhat Fatah al-Sham.

11. "Ahrar al-Sham" refers to the Syrian militant Islamist group opposed to the Assad regime and allied with the Nusra Front, and includes any successors to that organization, including the Syrian Liberation Front.

12. "Syrian Islamic Front" refers to a coalition of Syrian militant Islamist groups dominated by Ahrar al-Sham opposed to the Assad regime, and includes any successors to that coalition, such as the Islamic Front.

13. "Document" or "documents" is used in the broadest and most expansive sense permissible under Federal Rule of Civil Procedure 34 and includes and refers to, but without limitation: all writings and things of any nature by which information may be stored or communicated, including originals and all non-identical copies and drafts thereof, in your possession, custody, or control, regardless of where located, including without limitation contracts, agreements, memoranda, notes, correspondence, letters, e-mails, communications, telegrams, teletypes, telecopies, transmissions, messages (including, but not limited to, records, reports, or memoranda of telephone calls and conversations), reports, studies, summaries, analyses, minutes, diaries, calendars, logs, notes, agenda, bulletins, notices, circulars, announcements, instructions, charts, tables, manuals, brochures, schedules, price lists, records, orders, invoices, statements, bills, books of account, ledgers, statistical, accounting, and financial statements, forecasts, work papers, notebooks, data sheets, translations, photographs, drawings, tape recordings, computer-stored information which can be retrieved or placed into reasonably usable form, written communications and written evidence of oral communications, and any other "document" from which information can be obtained or translated, if necessary, by you through detection devices into reasonably usable form. In all cases where originals and/or non-identical copies are not available, "documents" also means identical copies of original documents and copies of non-identical copies.

14. "And" as well as "or" shall be construed disjunctively or conjunctively to bring within the scope of each request all documents, writings, and things which might otherwise be construed to be outside its scope.

15. The use herein of the singular form of any noun or pronoun shall include, where appropriate, the plural thereof; the use herein of the masculine gender shall include, where appropriate, the feminine.

16. The terms "reflect," "relate," "regard," and "concern," and derivations thereof, are intended to have the broadest possible scope so that all documents, including drafts, are included if they in any way constitute, contain, pertain to, or mention the indicated subject or document. Whenever a document provides part, but less than all, of the information requested, such document should be produced along with all other related documents.

17. The term "communication" includes, but is not limited to, all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, conferences, interviews, telephone conversations, correspondence, notes, minutes, memoranda, telegrams, telexes, electronic mail messages, facsimiles, advertisements, or other forms of oral or written intercourse, however transmitted.

18. The present tense shall be construed to include the past tense and vice versa.

19. Any word not defined will have its ordinary meaning.

## INSTRUCTIONS

1. *In general.* You must furnish all documents available to You, including documents in the possession, custody, or control of Your attorneys, agents, accountants, employees, consultants, representatives, or any other Persons acting on Your behalf.

2. *Time period.* Unless otherwise noted, these Requests seek documents from January 1, 2010 to December 31, 2014.

3. *Alleged ambiguity.* If, in the course of responding to these Requests, you encounter any ambiguity in a Request, a definition, or an instruction relevant to a Request, please explain what you find to be ambiguous and what construction you used in providing your answer.

4. *Electronic records.* These Requests specifically seek electronic records, including, but not limited to, email, texts, instant messages, voicemails or voice recordings, word processing documents, PowerPoint files and Excel spreadsheets. You shall produce all such records regardless of whether they are maintained or stored on an active, storage or archived system. Thus, these Requests specifically include, but are not limited to, active, near-line and off-line electronic records, as well as electronic records stored on back-up tapes, floppy disc, compact disc, disaster tapes, magnetic tapes or any other medium used to store or archive email. These Requests also specifically include "deleted" emails that can be retrieved. Finally, these Requests seek metadata. Please produce all electronic records in their native form.

5. *Privilege.* If any document or information sought by any Request herein is withheld because you claim that such document or information is protected from discovery by the attorney work product doctrine or by any privilege, state the following with respect to such information

   a. the applicable date(s);

   b. the identity(ies) of the author(s) or maker(s), including the business or legal title(s) or position(s);

   c. the identity(ies) of the recipient(s), including business or legal title or position;

    d.  the subject matter(s);

    e.  the identity(ies) of all other persons who received copies or otherwise learned of the communication; and

    f.  the specific factual basis of the claimed privilege or other protection from discovery.

6.  *Attached documents.* Produce all documents attached to any responsive document, including all documents attached to any email.

7.  *Non-identical documents.* These Requests seek each and every non-identical copy of a document, whether different from the original because of stamps, indications of receipt, handwritten notes, marks, attachments, or any other reason.

8.  *Unavailable documents.* If any document which you would have produced in response to any Request was, but is no longer, in your present possession or subject to your control or is no longer in existence, please state whether any such document is: (a) missing or lost; (b) destroyed; (c) transferred to others; or (d) otherwise disposed of. In any such instance set forth the surrounding circumstances and any authorization for such disposition and state the approximate date of any such disposition, and, if known, state the present location and custodian of such document.

9.  *Continuing obligation.* These Requests are continuing in nature, up to and during the course of trial. In the event that you obtain any additional documents or information that are responsive to these Requests, please timely supplement your response to each such Request.

## REQUESTED DOCUMENTS

1.  Produce Documents sufficient to show all correspondent accounts QIB held with You.

2. Produce all agreements between QIB and You that governed or concerned the correspondent accounts You maintained for QIB.

3. Produce all statements of account for each correspondent account QIB held with You.

4. Produce all documents that reflect or relate to all transactions involving any correspondent account QIB held with You and any QIB account belonging to Saad bin Saad al-Kabi, Saad bin Saad al-Kabi's children, or any QIB account with the account number 200072076 (or associated IBAN account number).

5. Produce all documents that reflect or relate to all transactions involving any correspondent account QIB held with you and any QIB account belonging to Qatar Charity, including, but not limited to, QIB account numbers 10100152344, 50100006010, 50100024571, 50100024640, 50100024995, 50200000121, 50200000126, or 50200000051.

6. Produce all currency transaction reports for all exchanges conducted by You for the benefit of QIB.

7. Produce all documents that reflect or relate to any due diligence You did on QIB, Saad bin Saad al-Kabi, any of his children, or Qatar Charity, including any due diligence on any transaction or account associated with any of them.

8. Produce all documents that reflect or relate to any violations of Your anti-terrorism financing or anti-money laundering policies involving any QIB correspondent account.

9. Produce all communications You had with QIB regarding its use of its correspondent accounts with You to execute transactions for Saad bin Saad al-Kabi, any of Saad bin Saad al-Kabi's children, a QIB account with the account number 200072076 (or associated

IBAN account number), Qatar Charity, or QIB account numbers 10100152344, 50100006010, 50100024571, 50100024640, 50100024995, 50200000121, 50200000126, or 50200000051.

10. Produce all communications You had with Saad bin Saad al-Kabi, Saad bin Saad al-Kabi's children, or Qatar Charity.

11. Produce all communications You had with QIB regarding Your due diligence, anti-terrorism financing, or anti-money laundering policies, including any communications related to any violation of those policies involving any QIB account.

12. Produce all communications You had with QIB regarding Syrian militant groups, the Syrian Civil War, the Madid Ahl al-Sham campaign, the Nusra Front, Ahrar al-Sham, or the Syrian Islamic Front.